# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: C.S.

No. 17-0578 (Kanawha County 16-JA-580)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.F., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's June 7, 2017, order terminating her parental rights to C.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Matthew Smith, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to grant her request for a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that she was arrested for and charged with driving while under the influence, child endangerment, driving with a suspended license, and possession of a controlled substance. According to the petition, petitioner was the driver of the vehicle and the child was a passenger. The petition alleged that petitioner admitted to the police officer who executed the traffic stop that she had "smoked weed" and snorted hydrocodone pills prior to operating the vehicle. She was also in possession of approximately thirty different pills and failed the field sobriety testing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner did not assert any assignment of error regarding termination. As such, we will not address the circuit court's termination of petitioner's parental rights in this memorandum decision.

1

The circuit court held a preliminary hearing and, following the presentation of evidence, found that there was no reasonable alternative to removal of the child from petitioner's home and that imminent danger existed to the child's physical well-being. The child was placed in the DHHR's custody.

In December of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated that her drug abuse impaired her ability to adequately parent the child. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. Petitioner moved the circuit court for a post-adjudicatory improvement period and the circuit court held the motion in abeyance based upon petitioner's "lack of acknowledgment of the facts and circumstances which led to the filing of the petition, and her unwillingness to admit the gravity of the situation." Following an April 15, 2017, improvement period review hearing, the circuit court terminated petitioner's improvement period "granted in this matter" based on her failure to comply with the terms and conditions of her improvement period.[3]

In June of 2017, the circuit court held a dispositional hearing wherein a DHHR worker testified that petitioner failed to fully participate in random drug screening and tested positive for illegal drugs on multiple occasions. The worker also testified that petitioner had been incarcerated and that the DHHR was unable to make contact with her for extended periods of time. The worker further testified that petitioner failed to participate in services, failed to maintain contact with the DHHR, and was believed to be homeless. During the hearing, petitioner testified that she had been sober for ninety days as a result of her incarceration and "hoped to start services again." The guardian clarified for the record that petitioner was not granted an improvement period in this matter, but received services and visitation with the child. Based on the evidence presented, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of petitioner's parental rights was consistent with the best interests of the child. Ultimately, the circuit court terminated petitioner's parental rights to the child in its June 7, 2017, order.[4]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[3]It appears from the record that petitioner's motion for a post-adjudicatory improvement period was never actually granted, despite the circuit court's order regarding its review of the improvement period.

[4]Both parents' parental rights to the child were terminated below. According to the guardian, the child was placed in a foster home and the permanency plan is adoption into that home.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

Petitioner's only argument on appeal is that she should have been granted a post-adjudicatory improvement period because "the evidence in this case supported the granting of an improvement period to [petitioner] in order to re-unify her with her child." In order to obtain a post-adjudicatory improvement period, West Virginia Code § 49-4-610(2)(B) requires that the parent "demonstrate[s], by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to prove by clear and convincing evidence that she was likely to substantially comply with the terms and conditions of a post-adjudicatory improvement period because the circuit court was presented with evidence that petitioner failed to fully participate in random drug screening, tested positive for illegal drugs, failed to maintain contact with the DHHR for extended periods of time, failed to participate in services, and was homeless. Therefore, the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 7, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker